JUDGE KAPLAN

07 CV 11216

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SIBEL SHIPPING LTD.

                        Plaintiff,          07 CV

-v-

                                                       VERIFIED COMPLAINT

KULBERG FINANCES INC.,
AGROSERVICE LTD., UKRAGROIMPEX LTD.,
and INTERBULK TRADE LLC.

                        Defendants.
------------------------------------------------------------x

DEC 13 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, SIBEL SHIPPING LTD. (hereinafter "SIBEL"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendants, KULBERG FINANCES INC. (hereinafter "KULBERG"), AGROSERVICE LTD. (hereinafter "AGROSERVICE"), UKRAGROIMPEX LTD. (hereinafter "UKRAGROIMPEX") and INTERBULK TRADE LLC. (hereinafter "INTERBULK"), alleges upon information and belief as follows:

### JURISDICTION

1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

### THE PARTIES

2.    At all times material hereto, Plaintiff, SIBEL, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business in Malta.

3. At all times material hereto, Defendant, KULBERG, was and still is a foreign business entity, with an office and principle place of business at 15 East North Street, Dover, Delaware.

4. At all times material hereto, Defendant, AGROSERVICE, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 54 Mira Avenue, Donetsk, Ukraine.

5. At all times material hereto, Defendant, UKRAGROIMPEX, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 84/86, Saksaganskogo Lane, Kiev, Ukraine.

6. At all times material hereto, Defendant, INTERBULK, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 84/86, Saksaganskogo Lane, Kiev, Ukraine and/or 54 Mira Avenue, Donetsk, Ukraine.

## FACTS AND CLAIM

7. On or about October 10, 2007, SIBEL, as owner, and KULBERG, as charterer, entered into a charter-party for the M/V MY SHIP for a voyage charter from Mariupol, Ukraine to the port of Bandirma, Turkey, with the intention of carrying a cargo of sunflower seed extraction meal.

8. The subject charter-party agreement is a maritime contract.

9. Thereafter, Plaintiff entered into two (2) additional maritime contracts for the carriage of the subject cargo with Defendants AGROSERVICE, UKRAGROIMEPX and INTERBULK.

10. After completion of loading and discharging of the said cargo, the receivers of the subject cargo arrested the vessel for an alleged shortage of cargo, causing plaintiff significant financial damage, claimed to be no less than $142,500.00.

11. By virtue of the terms of the contracts of carriage by and between Plaintiff and Defendants, Plaintiff has demanded payment for the damages it has been caused to sustain as a result of Defendant's actions and/or short loading of the subject cargo.

12. Despite repeated demands for payment, Defendants KULBERG, AGROSERVICE, UKRAGROIMPEX, and INTERBULK, in breach of the terms of the charter-party agreement and other contractual obligations for the subject carriage of cargo, have failed, neglected and/or otherwise refused to pay Plaintiff the sum of $142,500.00 which is now due and owing.

13. In accordance with the terms of the parties' contractual agreements, disputes arising out of the agreements are to be resolved by arbitration proceedings in London. Plaintiff has timely commenced arbitration in London seeking $142,500.00 in damages.

## BASIS FOR ATTACHMENT

14. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits,

effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

15. Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other

funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $285,000.00 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.   That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       December 13, 2007

By:  CHALOS, O'CONNOR & DUFFY, L.L.P.
     Attorneys for Plaintiff
     SIBEL SHIPPING LTD.

     _____
     George M. Chalos (GC-8693)
     366 Main Street
     Port Washington, New York 11050
     Tel: (516) 767-3600
     Fax: (516) 767-3605
     Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SIBEL SHIPPING LTD.,

                              Plaintiff,              07 CV

-v-

                                                      **VERIFICATION OF**
                                                      **COMPLAINT**

KULBERG FINANCES INC.,
AGROSERVICE LTD., UKRAGROIMPEX LTD.,
and INTERBULK TRADE LLC.

                              Defendants.
-----------------------------------------------------------x

        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

        1.     I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, SIBEL SHIPPING LTD., herein;

        2.     I have read the foregoing Verified Complaint and know the contents thereof; and

        3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

        4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       December 13, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
SIBEL SHIPPING LTD.

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com