Michael O. Hardison
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910
mhardison@evw.com

UNITED STATES DISTRICT COURT
-------------------------------------------------------------------x
SIBEL SHIPPING LTD.,

                Plaintiff,                07 Civ. 11216 (LAK)
                                                 ECF CASE

-against-

KULBERG FINANCES INC.,
AGROSERVICE LTD., UKRAGROIMPEX LTD.,
and INTERBULK TRADE LLC,             **HARDISON DECLARATION**

                Defendants.
-------------------------------------------------------------------x

MICHAEL O. HARDISON, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am a member of the Bar of the State of New York, I am admitted to practice before this Honorable Court, and I am a partner in the firm of Eaton & Van Winkle LLP, attorneys for Defendant Interbulk Trade LLC.

2. I make this declaration in support of the motion by Defendant Interbulk Trade LLC ("Interbulk") for an order dismissing the Verified Complaint and vacating the Order For Issuance Of Process Of Maritime Attachment And Garnishment as against Interbulk.

3. On December 13, 2007, Plaintiff filed a Verified Complaint against Defendants seeking to attach their assets in the amount of $285,000.00 pursuant to Rule B of the

Supplemental Rules for Certain Admiralty Or Maritime Claims (a copy of the Verified Complaint is attached as Exhibit 1).

4. The same day this Court issued an Order authorizing the attachment albeit in the reduced amount of $142,500.00 (a copy of the Order For Issuance Of Process Of Maritime Attachment And Garnishment is attached as Exhibit 2).

5. Plaintiff subsequently attached assets of Defendant Kulberg Finances Inc. in the amount of $142,500.00 (Ipek Decl. at ¶ 14), which is the maximum amount permitted by the Order For Issuance Of Process of Maritime Attachment and Garnishment, and is now fully secured for the claim alleged in the Verified Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 15, 2008

/s/ Michael O. Hardison
Michael O. Hardison

# Exhibit 1

JUDGE KAPLAN            07 CV 11216

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SIBEL SHIPPING LTD.

                            Plaintiff,            07 CV

-v-
                                                  VERIFIED COMPLAINT

KULBERG FINANCES INC.,
AGROSERVICE LTD., UKRAGROIMPEX LTD.,
and INTERBULK TRADE LLC.

                            Defendants.
-----------------------------------------------------------x



Plaintiff, SIBEL SHIPPING LTD. (hereinafter "SIBEL"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendants, KULBERG FINANCES INC. (hereinafter "KULBERG"), AGROSERVICE LTD. (hereinafter "AGROSERVICE"), UKRAGROIMPEX LTD. (hereinafter "UKRAGROIMPEX") and INTERBULK TRADE LLC. (hereinafter "INTERBULK"), alleges upon information and belief as follows:

### JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

### THE PARTIES

2. At all times material hereto, Plaintiff, SIBEL, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business in Malta.

3.   At all times material hereto, Defendant, KULBERG, was and still is a foreign business entity, with an office and principle place of business at 15 East North Street, Dover, Delaware.

4.   At all times material hereto, Defendant, AGROSERVICE, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 54 Mira Avenue, Donetsk, Ukraine.

5.   At all times material hereto, Defendant, UKRAGROIMPEX, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 84/86, Saksaganskogo Lane, Kiev, Ukraine.

6.   At all times material hereto, Defendant, INTERBULK, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 84/86, Saksaganskogo Lane, Kiev, Ukraine and/or 54 Mira Avenue, Donetsk, Ukraine.

## FACTS AND CLAIM

7.   On or about October 10, 2007, SIBEL, as owner, and KULBERG, as charterer, entered into a charter-party for the M/V MY SHIP for a voyage charter from Mariupol, Ukraine to the port of Bandirma, Turkey, with the intention of carrying a cargo of sunflower seed extraction meal.

8.   The subject charter-party agreement is a maritime contract.

9. Thereafter, Plaintiff entered into two (2) additional maritime contracts for the carriage of the subject cargo with Defendants AGROSERVICE, UKRAGROIMEPX and INTERBULK.

10. After completion of loading and discharging of the said cargo, the receivers of the subject cargo arrested the vessel for an alleged shortage of cargo, causing plaintiff significant financial damage, claimed to be no less than $142,500.00.

11. By virtue of the terms of the contracts of carriage by and between Plaintiff and Defendants, Plaintiff has demanded payment for the damages it has been caused to sustain as a result of Defendant's actions and/or short loading of the subject cargo.

12. Despite repeated demands for payment, Defendants KULBERG, AGROSERVICE, UKRAGROIMPEX, and INTERBULK, in breach of the terms of the charter-party agreement and other contractual obligations for the subject carriage of cargo, have failed, neglected and/or otherwise refused to pay Plaintiff the sum of $142,500.00 which is now due and owing.

13. In accordance with the terms of the parties' contractual agreements, disputes arising out of the agreements are to be resolved by arbitration proceedings in London. Plaintiff has timely commenced arbitration in London seeking $142,500.00 in damages.

## BASIS FOR ATTACHMENT

14. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits,

effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

15. Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other

funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $285,000.00 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

    C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
        December 13, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
SIBEL SHIPPING LTD.

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SIBEL SHIPPING LTD.,

                          Plaintiff,                    07 CV

-v-

                                                    **VERIFICATION OF**
                                                    **COMPLAINT**
KULBERG FINANCES INC.,
AGROSERVICE LTD., UKRAGROIMPEX LTD.,
and INTERBULK TRADE LLC.

                          Defendants.
-----------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, SIBEL SHIPPING LTD., herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       December 13, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
SIBEL SHIPPING LTD.

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

2

# Exhibit 2

JUDGE KAPLAN

KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SIBEL SHIPPING LTD..,

07 CV 11216

                           Plaintiff,         07 CV

-v-

**ORDER FOR ISSUANCE
OF PROCESS OF MARITIME
ATTACHMENT AND
GARNISHMENT**

KULBERG FINANCES INC.,
AGROSERVICE LTD., UKRAGROIMPEX LTD.,
and INTERBULK TRADE LLC.

                           Defendants.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/07

Upon reading the Verified Complaint for issuance of Process of Maritime Attachment and Garnishment, and the Declaration of George M. Chalos, Esq., attached thereto, and the Court finding that the conditions for issuance of a Process of Maritime Attachment and Garnishment in accordance with Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure appear to exist, it is this 13th day of December, 2007, by the United States District Court for the Southern District of New York,

**NOW,** upon application of *Chalos, O'Connor & Duffy, LLP*, attorneys for the Plaintiff, it is hereby,

**ORDERED,** that the Clerk of this Court shall issue Process of Maritime Attachment and garnishment as prayed for in the Verified Complaint against all property, tangible or intangible, including funds, assets, cash, goods, chattels, credits, effects, debts owned by or owed to defendants or monies to be paid to discharge a debt owed to the defendants, debts to be paid to the defendants under letters of credit, and/or monies to be paid to discharge a debt owed from the defendants,

including monies being electronically transferred by or to defendants and including, but not limited to any such assets as may be in the possession or control of, or being transferred through any garnishee within this District, including, without limitation, property held by or in the possession or control of the following garnishee(s): ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS, or any of their affiliates and any other garnishee(s) within this district upon whom a copy of the Process of Maritime Attachment and Garnishment herein may be served, in an amount, up to US $ ~~285,000.00~~ *142,500.00* as per Supplemental Rule E (5), plus interest and costs; and it is further,

**ORDERED**, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further,

**ORDERED**, that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and it is further,

**ORDERED**, that pursuant to Fed. R. Civ. P., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule B(1)(d)(ii)(C), the Writ of Attachment may be served by any person, who is not less than 18 years old, and who is not a party to this action; and it is further

**ORDERED**, that additional supplemental Process enforcing the Court's Order as against additional garnishee(s) who may be discovered in the course of this litigation to be holding property

2

of the defendants within this District may be issued by the Clerk upon application without further order of the Court; and it is further,

**ORDERED,** that service of the Process of Maritime Attachment and Garnishment on any garnishee(s) (i.e. any original garnishee named herein or any other garnishee later discovered) is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of the garnishee's business the next business day, and it is further

**ORDERED,** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment shall thereafter be made by way of service of a copy of the Process of Maritime Attachment and Garnishment and, additionally, shall be made via facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served.

Dated: New York, New York
       December 13, 2007

SO ORDERED:

_____
U.S.D.J.