Michael O. Hardison
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Defendant Interbulk Trade LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SIBEL SHIPPING LTD.,

                        Plaintiff,                  07 Civ. 11216 (LAK)
                                                          ECF CASE

     -against-

KULBERG FINANCES INC.,
AGROSERVICE LTD., UKRAGROINPEX LTD.,
And INTERBULK TRADE LLC,

                        Defendants.
-------------------------------------------------------------x


**DEFENDANT INTERBULK TRADE LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND TO VACATE AN ORDER OF MARITIME ATTACHMENT AND <u>GARNISHMENT</u>**

Michael O. Hardison, Esq.
Edward W. Floyd, Esq. (of counsel)

# **TABLE OF CONTENTS**

ARGUMENT..........................................................................................................1

POINT I ................................................................................................................1

The Court does not have *quasi in rem* jurisdiction with respect to Interbulk,
and because there is no other basis in the instant matter for the assertion of
personal jurisdiction over Interbulk pursuant to CPLR § 301 or CPLR § 302,
Sibel's Complaint against Interbulk should be dismissed
for lack of personal jurisdiction................................................................... 1

    A.    Sibel has not located any of Interbulk's property within the
    district, despite issuance of the Attachment Order, so there is no *quasi
    in rem* basis for the assertion of personal jurisdiction over Interbulk....... 2

    B.    Even if Sibel did allege some basis for the assertion of
    personal jurisdiction over Interbulk, which it does not, personal
    jurisdiction would not exist pursuant to NY CPLR 301........................ 5

    C.    Even if Sibel did allege some basis for the assertion of personal
    jurisdiction over Interbulk, which it does not, personal jurisdiction
    would not exist pursuant to NY CPLR 302...................................... 6

    D.    Even if the assertion of personal jurisdiction over Interbulk
    complied with the provisions of NY CPLR § 301 or
    NY CPLR § 302, the assertion of jurisdiction would be
    inconsistent with constitutional requirements.................................. 7

POINT II.............................................................................................................. 8

The Attachment Order should be vacated because Sibel does not have
a *prima facie* admiralty claim against Interbulk as is required for the
maintenance of a Rule B Attachment................................................................ 8

CONCLUSION................................................................................................... 11

## TABLE OF AUTHORITIES

Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,
    460 F.3d 434 (2d Cir. 2006) ................................................................................8

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
    305 F.3d 120 (2d Cir. 2002) ................................................................................7

Blueye Navigation, Inc. v. Oltenia Navigation, Inc.,
    No. 94 Civ. 1500, 1995 U.S. Dist. LEXIS 1844
    (S.D.N.Y. Feb. 15, 1995) (Preska, J.) ..............................................................2, 3, 4

Burger King Corp. v. Rudzewicz,
    471 U.S. 462
    1055 S. Ct. 2174 (1985) .......................................................................................8

Deiulemar Compagnia di Navigazione SpA
v. Dabkomar Bulk Carriers Ltd.,
    No. 05 Civ. 8199, 2006 U.S. Dist LEXIS 8331
    (S.D.N.Y. Feb. 10, 2006) (Berman, J.) ..................................................................4

Deiulemar Compagnia Di Navigazione SpA v.
Dabkomar Bulk Carriers Ltd.,
    No. 05 Civ. 8199, 2005 U.S. Dist. LEXIS 40783
    (S.D.N.Y. Dec. 12, 2005) (Pitman, Mag.) ..........................................................3, 9

East Asiatic Co. v. Indomar, Ltd.,
    422 F. Supp. 1335 (S.D.N.Y. 1976) .....................................................................4

Hanson v. Denckla,
    357 U.S. 235
    78 S. Ct. 1228 (1958) ..........................................................................................8

International Shoe Co. v. Washington,
    326 U.S. 310
    66 S. Ct. 154 (1945) ............................................................................................7

Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys., Inc.,
    10 F. Supp. 2d 334 (S.D.N.Y. 1998) ....................................................................7

Limonium Maritime, S.A. v. Mizushima Marinera, S.A.,
    961 F. Supp. 600 (S.D.N.Y. 1997) (Chin, J.) .......................................................2

Sedig v. Okemo Mountain,
    612 N.Y.S.2d 643 (2d Dept. 1994) .......................................................................5

**New York State Cases**

LaMarca v. Pak-Mor Mfg. Co.,
  95 N.Y.2d 210
    713 N.Y.S.2d 304 (N.Y. 2000) ..............................................................6

**New York State Statutes**

N.Y. CPLR § 301 ...........................................................................................5
N.Y. CPLR § 302 ...........................................................................................6

## PRELIMINARY STATEMENT

Defendant Interbulk Trade LLC ("Interbulk") submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Verified Complaint for Lack of Personal Jurisdiction and to Vacate an Order of Maritime Attachment and Garnishment. Plaintiff Sibel Shipping Ltd. ("Sibel")'s Verified Complaint, as against Interbulk, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction because Sibel has failed to locate and attach any of Interbulk's property within the district and thus there is no basis for *quasi in rem* jurisdiction and there is also no other basis to support the assertion of personal jurisdiction over Interbulk. Moreover, even if there were bases for the assertion of jurisdiction over Interbulk, which there are not, the Court ought to vacate the Order of Maritime Attachment and Garnishment (the "Attachment Order"), as against Interbulk, pursuant to Rule E(4)(f) of the Supplement Rules for Certain Admiralty and Maritime Claims because Sibel cannot carry its burden to show that it has a *prima facie* maritime claim against Interbulk.

## ARGUMENT

### POINT I
**The Court does not have *quasi in rem* jurisdiction with respect to Interbulk, and because there is no other basis in the instant matter for the assertion of personal jurisdiction over Interbulk pursuant to CPLR § 301 or CPLR § 302, Sibel's Complaint against Interbulk should be dismissed for lack of personal jurisdiction.**

The Court should dismiss Sibel's Verified Complaint (the "Complaint") for lack of personal jurisdiction over Interbulk because Sibel has not located and attached any of Interbulk's property. Therefore, there is no basis for the assertion of *quasi in rem* jurisdiction. Additionally, Sibel has not alleged any other bases upon which the Court

might assert personal jurisdiction over Interbulk and no such bases could be alleged because they do not exist.

**A.     Sibel has not located any of Interbulk's property within the district, despite issuance of the Attachment Order, so there is no *quasi in rem* basis for the assertion of personal jurisdiction over Interbulk.**

"Through attachment of a defendant's property in the district, a maritime or admiralty court gains jurisdiction over the defendant's person, and the plaintiff can gain a judgment against the defendant up to the value of the property attached." Blueye Navigation, Inc. v. Oltenia Navigation, Inc., No. 94 Civ. 1500, 1995 U.S. Dist. LEXIS 1844, at *9 (S.D.N.Y. Feb. 15, 1995) (Preska, J.). "Because jurisdiction over the person is gained only through the attached property, courts have recognized that Rule B jurisdiction properly is characterized as *quasi in rem*." Id. at *10.

Where none of a defendant's property can be located within the district, as in the instant matter, "Rule B attachment is not possible." Limonium Maritime, S.A. v. Mizushima Marinera, S.A., 961 F. Supp. 600, 608 (S.D.N.Y. 1997) (Chin, J.); Blueye Navigation, Inc. 1995 U.S. Dist. LEXIS 1844, at *19. In Blueye Navigation, the court had "signed an Order directing the Clerk of the Court to issue writs of maritime attachment . . . [which] writs were served on various banks in the Southern District that purportedly held assets belonging to [the] defendants, [but] no such assets were located." Id. at *7. The Blueye Navigation Court held that if "no property was attached . . . then no jurisdiction was ever obtained under *Supplemental Rule B*." Id. at *15. The Blueye Navigation Court held that the plaintiffs had "failed to meet the final, and most basic, requirement of Rule B attachment – they [had] been unable to locate any property of [the] defendant in this district to attach." Id. at *13. Thus a plaintiff's failure to locate any of a

2

defendant's property makes a Rule B attachment completely ineffective for the establishment of *quasi in rem* jurisdiction. As the Blueye Navigation Court stated, "[t]he caselaw, the authorities, and basic logic demonstrate that no *quasi in rem* jurisdiction under Rule B can exist without some *res* to be attached." Id.

In the instant matter, the Court does not have any basis to assert *quasi in rem* jurisdiction with respect to Interbulk because no assets of Interbulk have been restrained. (Declaration of Bulend Ipek (hereinafter "Ipek Declaration" at ¶ 14). Moreover, Interbulk has been advised that assets of Co-Defendant Kulberg Finances Inc. ("Kulberg"), in the amount of $142,500.00, "have been restrained by Bank of New York in connection with these proceedings." (Ipek Decl. at ¶ 14). Additionally, given that the amount currently restrained by Bank of New York is equal to the full amount of security authorized by the Attachment Order, no further assets, of any of the defendants, can be restrained because Sibel is already fully secured. (Hardison Decl. at ¶ 5). Thus there is not even a possibility that the Court will acquire *quasi in rem* jurisdiction over Interbulk in the future in connection with this matter.

Where a plaintiff fails to establish *quasi in rem* jurisdiction through attachment of a defendant's assets pursuant to Rule B and there are no other bases for jurisdiction, the matter should be dismissed for lack of personal jurisdiction. In Deiulemar Compagnia Di Navigazione, the court held that the "Order of Attachment should . . . be vacated [and] because the attachment [was] the only basis for the assertion of jurisdiction over [the defendant], its vacatur [required] the dismissal of the action . . . for lack of personal jurisdiction." Deiulemar Compagnia Di Navigazione SpA v. Dabkomar Bulk Carriers Ltd., No. 05 Civ. 8199, 2005 U.S. Dist. LEXIS 40783, at *27 (S.D.N.Y. Dec. 12, 2005)

3

(Pitman, Mag.) (recommendation adopted by <u>Deiulemar Compagnia di Navigazione SpA v. Dabkomar Bulk Carriers Ltd.</u>, 2006 U.S. Dist LEXIS 8331, at *10 (S.D.N.Y. Feb. 10, 2006) (Berman, J.) (stating "[t]he Court adopts the Report in all material respects, and for the reasons stated herein and therein . . . dismisses . . . for lack of personal jurisdiction"). Likewise, the <u>Blueye Navigation</u> Court reached the same conclusion, ruling that absent *quasi in rem* jurisdiction or the allegation of other bases for personal jurisdiction, the plaintiff's "actions must be dismissed." <u>Blueye Navigation, Inc.</u>, 1995 U.S. Dist. LEXIS 1844, at *19.[1]

In the instant matter, Sibel has not alleged any bases upon which the Court might assert personal jurisdiction over Interbulk. Likewise, Sibel could not succeed in making such an argument because there are no such grounds. As discussed further below, Interbulk does not have any jurisdictionally significant contacts with the State of New York. (Ipek Decl. at ¶ 6). Moreover, Sibel's claim has nothing to do with New York. (Ipek Decl. at ¶ 8-10). Thus the Court lacks personal jurisdiction over Interbulk.

---

[1] Additionally, where a plaintiff seeks to obtain a maritime attachment pursuant to Rule B, the rule's pleading requirements, which require a plaintiff to allege that a defendant is "*not* present in the district," would generally demonstrate that the defendant is not subject to personal jurisdiction pursuant to any grounds other than *quasi in rem*. See <u>Blueye Navigation, Inc.</u>, 1995 U.S. Dist. LEXIS 1844, at *17-18 (describing <u>East Asiatic Co. v. Indomar, Ltd.</u>, 422 F. Supp. 1335, 1339-40 (S.D.N.Y. 1976) as standing for the proposition that "there cannot logically be a simultaneous allegation of jurisdiction under both maritime attachment under Rule B and through traditional means – the two methods are mutually exclusive.")

4

**B.     Even if Sibel did allege some basis for the assertion of personal jurisdiction over Interbulk, which it does not, personal jurisdiction would not exist pursuant to NY CPLR 301.**

Jurisdiction over Interbulk cannot be established pursuant to CPLR § 301 which provides that New York courts "may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." The provision allows New York courts to apply the traditional standard for personal jurisdiction, pursuant to which courts may exercise jurisdiction over foreign corporations that are present in the forum actually or constructively through pervasive contacts. See Sedig v. Okemo Mountain, 612 N.Y.S.2d 643, 644 (2d Dept. 1994) ("Jurisdiction under *CPLR 301* may be acquired over a foreign corporation only if that corporation does business here 'not occasionally or casually, but with a fair measure of permanence and continuity' so as to warrant a finding of its 'presence' in this jurisdiction"). "Interbulk is a Nevada Limited Liability Corporation with a principal place of business in Istanbul, Turkey." (Ipek Decl. at ¶ 4) Ipek "is not now and never has been a resident or domicile of the State of New York." (Ipek Decl. at ¶ 6). Moreover, "Interbulk is not now and never has been licensed or authorized to do business in the State of New York, Interbulk is not now transacting and never has transacted any business in the State of New York, Interbulk never has had any customers in the State of New York, and Interbulk has not otherwise voluntarily subjected itself to the jurisdiction of the State of New York." (Ipek Decl. at ¶ 6). Therefore, Interbulk is not subject to personal jurisdiction under CPLR § 301.

**C.    Even if Sibel did allege some basis for the assertion of personal jurisdiction over Interbulk, which it does not, personal jurisdiction would not exist pursuant to NY CPLR 302.**

Similarly, Interbulk is not subject to jurisdiction under the New York long-arm statute, CPLR § 302(a), both because Interbulk lacks the type of contact with the forum state that the statute requires and because any assertion of jurisdiction would not comply with constitutional requirements. "To determine whether a non-domiciliary may be sued in New York, we first determine whether our long-arm statute (*CPLR 302*) confers jurisdiction over it in light of its contacts with this State. If the defendant's relationship with New York falls within the terms of *CPLR 302*, we determine whether the exercise of jurisdiction comports with due process." See LaMarca v. Pak-Mor Mfg. Co., 95 N.Y.2d 210, 214, 713 N.Y.S.2d 304, 307 (N.Y. 2000).

Section 302(a) allows New York courts to exercise personal jurisdiction over non-tort and non-family law claims against out-of-state defendants only where the claims arise out of business transacted by the defendant in the State or property owned by the defendant in the State:

> (a)    **Acts which are the basis of jurisdiction.** As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1.  transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> ****
>
> 4.  owns, uses or possesses any real property situated within the state.

CPLR § 302(a).

Here, "Interbulk does not maintain and never has maintained any bank accounts, plants, warehouses or owned property of any kind in the State of New York." (Ipek Decl.

6

at ¶ 6). Therefore, CPLR 302(a)(4) cannot support the assertion of personal jurisdiction over Interbulk. Moreover, Sibel's claim concerns a cargo of Ukrainian sunflower seed extraction meal shipped from a Ukrainian port to a Turkish port. (Ipek Decl. at ¶¶ 8-10). Thus Sibel's cause of action does not arise from business transacted by Interbulk in New York or in any way relate to the state within the meaning of CPLR 302(a)(1). See Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys., Inc., 10 F. Supp. 2d 334, 339 (S.D.N.Y. 1998) ("[i]n order to establish personal jurisdiction under *§ 302(a)(1)*, the plaintiff must show (1) that the defendant 'transacts business' within the state, and (2) that the claim 'arises from' that transaction."). None of these requirements can be demonstrated for the simple reason, stated above, that Interbulk has not transacted any business in New York. (Ipek Decl. at ¶ 6).

### D.   Even if the assertion of personal jurisdiction over Interbulk complied with the provisions of NY CPLR § 301 or NY CPLR § 302, the assertion of jurisdiction would be inconsistent with constitutional requirements.

Finally, even if personal jurisdiction over Interbulk existed pursuant to the New York long-arm statute, Interbulk could not be subjected to the personal jurisdiction of this Court because the exercise of such jurisdiction would violate Interbulk's due process rights under the Constitution. See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124 (2d Cir. 2002) ("If there is a statutory basis for jurisdiction, the court must then determine whether New York's extension of jurisdiction in such a case would be permissible under the *Due Process Clause of the Fourteenth Amendment*."). Due process demands that defendants have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S.

7

310, 316, 66 S. Ct. 154, 158 (1945) (internal citation omitted). To have minimum contacts there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 1055 S. Ct 2174, 2183 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240 (1958).

In the instant matter, Interbulk clearly has no contacts with the State of New York that might support a conclusion that Interbulk had in any way purposefully availed itself of the privilege of doing business in New York. Thus any assertion of personal jurisdiction over Interbulk in New York would be inconsistent with due process principles. Sibel's complaint against Interbulk should be dismissed for lack of personal jurisdiction.

## POINT II

**The Attachment Order should be vacated because Sibel does not have a *prima facie* admiralty claim against Interbulk as is required for the maintenance of a Rule B Attachment.**

Rule B sets forth the process "by which a party may attach another party's assets." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 438 (2d Cir. 2006). Conversely, Rule E(4)(f) provides the defendant an opportunity "to argue that the requirements of Rule B were not in fact met." Id. At the Rule E(4)(f) hearing, the plaintiff bears the burden to show the following: "1) it has a valid prima facie admiralty claim against defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." Id. at 445 (footnote omitted).

8

n the instant matter, Sibel must demonstrate that it has a valid *prima facie* admiralty claim against Interbulk. Sibel cannot satisfy this requirement because, although the Verified Complaint makes vague allegations regarding the claimed breach of purported maritime contracts between Sibel and Interbulk, no such contracts were ever made. Therefore, Sibel does not have a valid *prima facie* claim against Interbulk.

Similarly, in Deiulemar Compagnia Di Navigazione, the magistrate found (in its recommendation which the court then adopted "in all material respects," Deuilemar Compagnia Di Navigazione, 2006 U.S. Dist. LEXIS at *10) that because the plaintiff could not "establish a *prima facie* admiralty claim [nor] meet its burden under Admiralty Rule E(4)(f) . . . [the concerned] Order of Attachment should, therefore, be vacated." Deiulemar Compagnia Di Navigazione, 2005 U.S. Dist. LEXIS 40783, at *27. In Deiulemar, the underlying dispute involved the breach of a charter party for which the plaintiff claimed the moving defendant had guaranteed performance. Id. at *2-3. The plaintiff moved to vacate pursuant to Rule E(4)(f). Id. at *1. A limited evidentiary hearing was conducted to consider whether the plaintiff had a valid maritime claim based upon its allegation of that a guaranty existed. See id. at *11-24. Noting the lack of evidence introduced by the plaintiff, the magistrate recommended that the plaintiff did "not have a viable maritime claim against" the moving defendant. Id. at *24. The court agreed. Deuilemar Compagnia Di Navigazione, 2006 U.S. Dist. LEXIS at *9-10.

Likewise, in the matter at hand, Sibel's allegations against Interbulk cannot satisfy the valid *prima facie* admiralty claim requirement. In fact, Sibel's Verified Complaint falls far short of the express pleading requirements that the Supplement

Admiralty Rules provide for Rule B attachments. Rule E, which "applies to actions in personam with process of maritime attachment and garnishment," provides as follows:

> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

Supp. R. Certain Adm. & Mar. Cl. Rule E. However, Sibel's Verified Complaint only provides the most limited information regarding its allegations by stating that "Plaintiff entered into two (2) additional maritime contracts for the carriage of the subject cargo with Defendants Agroservice, Ukragroimpex and Interbulk." (Verified Complaint at ¶ 9).

Such vagueness only underscores the fact that Sibel never entered into a contract with Interbulk concerning the subject matter of the Complaint. (Ipek Decl. at ¶ 13). As discussed above, the cargo at issue in the Complaint was a cargo of sunflower seed extraction meal shipped aboard the M/V MY SHIP. (Verified Complaint at ¶¶ 7, 10). Pursuant to the terms of a contract between Interbulk and Defendant Kluberg Finances, Inc., "Kluberg agreed to sell and Interbulk agreed to buy, 2,400 metric tons of Ukrainian sunflower seed extraction meal." (Ipek Decl. at ¶ 8 and Exhibit 1). Likewise, pursuant to the terms of a contract between Interbulk and Onallar Yem San Ve Tic Ltd Sti, "Interbulk agreed to sell and Onallar agreed to buy" the cargo. (Ipek Decl. at ¶ 9 and Exhibit 2). Both of these contracts were made on the same day, October 26, 2007. (Ipek Decl. ¶ 9).

On October 29, 2007, the Cargo was loaded aboard the M/V MY SHIP and two bills of lading were issued. Those bills of lading respectively identified the shippers as Defendants Agroservice Ltd. and Ukragroimpex Ltd. (Ipek Decl. at ¶ 10 and Exhibit 3). Therefore, "Interbulk was not the shipper of the cargo." (Ipek Decl. at ¶ 11). Although

"[t]he bills of lading state that the cargo was shipped 'on behalf of Interbulk'" this information was provided in order to clarify to Turkish customs officials the link "between the cargo, the shippers of the cargo and the sellers of the cargo." (Ipek Declaration at ¶ 12).

Therefore, Interbulk and Sibel were not in privity of contract and Sibel cannot show a valid *prima facie* maritime claim against Interbulk. Moreover, there would have been no reason for Interbulk to have entered into a contract with Sibel because "Interbulk had already sold the cargo to Onallar prior to its carriage aboard the M/V MY SHIP." (Ipek Decl. at ¶ 13).

## CONCLUSION

Wherefore, for all the foregoing reasons, the Court should grant Interbulk's Motion to Dismiss Plaintiff's Verified Complaint for Lack of Personal Jurisdiction and to Vacate an Order of Maritime Attachment and Garnishment.

Dated: New York, New York
January 15, 2007

            EATON & VAN WINKLE LLP

       By: /s/ Michael O. Hardison
          Michael O. Hardison

          3 Park Avenue
          New York, New York 10016-2078
          (212) 779-9910

          Attorneys for Defendant
          Interbulk Trade LLC