BROWN GAVALAS & FROMM LLP
Attorneys for Defendant
KULBERG FINANCES INC.
355 Lexington Avenue
New York, New York 10017
(212) 983-8500

-------------------------------------------------------X
SIBEL SHIPPING LTD.,

               Plaintiff,                     07 CV 11216 (LAK)

    -v-

KULBERG FINANCES INC.,                    **ANSWER AND COUNTERCLAIM**
AGROSERVICE LTD., UKRAGROIMPEX
LTD., and INTERBULK TRADE LLC.,

               Defendants.
-------------------------------------------------------X

      Defendant, KULBERG FINANCES INC. ("Kulberg"), by and through its attorneys, BROWN GAVALAS & FROMM LLP, for its answer to the Complaint of SIBEL SHIPPING LTD. ("Plaintiff"), alleges as follows:

      1.     Neither admits nor denies the allegations contained in paragraph "1" of the Complaint because those allegations contain conclusions of law for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph "1" of the Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

      3.     Admits the allegations contained in paragraph "3" of the Complaint.

      4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Denies the allegations contained in paragraph "7" of the Complaint, except admits that Plaintiff and Kulberg entered into an agreement for the transport of a cargo of sunflower seed meal aboard the M/V MY SHIP ("the Vessel") from Mariupol, Ukraine to Bandirma, Turkey.

8. Neither admits nor denies the allegations contained in paragraph "8" of the Complaint because those allegations contain conclusions of law for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. Denies the allegations contained in paragraph "11" of the Complaint.

12. Denies the allegations contained in paragraph "12" of the Complaint.

13. Denies the allegations contained in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16.  This Court lacks *in personam* jurisdiction over Kulberg.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17.  Plaintiff has failed to effect proper service of process upon Kulberg.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18.  Plaintiff's claims are subject to arbitration in London pursuant to the governing contracts and Plaintiff's claims in this action should be stayed pending arbitration in London.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19.  Plaintiff's Complaint fails to state a claim for which relief can be granted.

## AS AND FOR A FIRST COUNTERCLAIM

Defendant Kulberg hereby conditionally asserts the following counterclaim against Plaintiff. The Counterclaim, as with Plaintiff's claims asserted in its Complaint, is subject to London arbitration pursuant to the governing contract of carriage referenced above, and this counterclaim is asserted herein solely for the purposes of obtaining counter-security pursuant to Fed. R. Civ. P. Supp. Adm. R. E(7)(a). This counterclaim is strictly subject to and without waiver of Defendant Kulberg's affirmative defenses listed above, including but not limited to lack of jurisdiction and that the disputes between Plaintiff and Defendants are subject to arbitration in London.

3

1. The preceding paragraphs are repeated and incorporated herein as if set forth in full.

2. Pursuant to the fixing note entered into between Kulberg and Plaintiff on or about October 18, 2007, the parties agreed that the cargo quantity was "to be determined by draft survey for [Kulberg's] time and account."

3. At the load port in Mariupol, Ukraine various discrepancies in the quantity of cargo loaded aboard the Vessel were noted between the draft survey figures obtained by Kulberg and cargo quantities determined by shore side measurements.

4. Kulberg protested these discrepancies and demanded that Plaintiff, as the vessel owner, ascertain the cause of these quantity discrepancies prior to the Vessel departing for the discharge port in Bandirma, Turkey.

5. Despite Kulberg's protestations and demand for an investigation as to the source of the discrepancy in cargo quantity, Plaintiff refused and failed to conduct a further draft survey, or to otherwise conduct an investigation into the cause for the quantity discrepancy.

6. As a consequence of Plaintiff's breach, a claim was filed by the cargo receivers in Turkey against Defendant claiming a shortage in the cargo delivered at the discharge port. Plaintiff's actions and failure to act at the load port precluded Defendant from rebutting the cargo receiver's claim for shortage and further precluded Defendant from asserting an adequate defense based on accurate information concerning the quantity of cargo loaded aboard the Vessel at the port of loading.

7. As a consequence of Plaintiff's breach, Defendant has incurred damages in the form of a payment to the cargo receivers in the amount of $24,000.00. Kulberg intends to seek recovery of this amount by way of a counterclaim in London arbitration.

8. Rule E(7)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides as follows:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the same transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given <u>must</u> give security for damages demanded in the counterclaim unless the Court, for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given, unless the Court directs otherwise.

9. In the present case, Plaintiff has asserted claims against Kulberg totaling $142,500.00 and has attached funds of Kulberg in this district at the Bank of New York in the full amount of this claim.

10. Kulberg will assert a counterclaim in the London arbitration and herein which arises from the same transaction or occurrence, the principal amount of which totals $24,000.00.

11. If successful, the London arbitrators will likely award Kulberg interest, attorneys' fees, and arbitrators' fees in connection with the prosecution of Kulberg's counterclaim in the following amounts: (a) Interest, calculated at 6% *per annum*, compounded quarterly for three years, totaling $4,584.38; and, (b) Legal costs, including attorneys' fees and arbitrators' fees of $40,000.00.

12. Based on the foregoing, Kulberg is entitled to counter-security in the amount of $68,584.38 in respect of its counterclaim.

**WHEREFORE**, Defendant Kulberg prays:

A. That Plaintiff's claims be denied in full;

B. That this action be stayed pending arbitration of the disputes in London;

C. That the Order of Attachment obtained by Plaintiff in this action be vacated in its entirety; and/or

    D.    That Kulberg's counterclaim and request for counter-security be granted in full.

Dated: New York, New York
March 4, 2008

> Respectfully submitted,
> BROWN GAVALAS & FROMM LLP
> Attorneys for Defendant
> KULBERG FINANCES INC.
>
> By: _____
> Peter Skoufalos (PS 0105)
> 355 Lexington Avenue
> New York, New York 10017
> (212) 983-8500

TO:

Chalos, O'Connor & Duffy, L.L.P.
Attorneys for Plaintiff
366 Main St.
Port Washington, New York 11050
Attn.: George M. Chalos, Esq.