BROWN GAVALAS & FROMM LLP
Attorneys for Defendant
KULBERG FINANCES, INC.
355 Lexington Avenue, 4th Floor
New York, New York 10017
(212) 983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SIBEL SHIPPING LTD.,                                    07 CV 11216 (LAK)

                    Plaintiff,

                                                        **AFFIDAVIT OF**
        -v-                                             **PETER SKOUFALOS**

KULBERG FINANCES, INC., AGROSERVICE
LTD., UKRAGROIMPEX LTD., and
INTERBULK TRADE LLC,

                    Defendants.
-------------------------------------------------------------X

STATE OF NEW YORK     )
                      )  ss:
COUNTY OF NEW YORK    )

        PETER SKOUFALOS, being duly sworn, deposes and says:

        1.      I am a member of the bar of this Court and a partner with the firm of Brown

Gavalas & Fromm LLP, attorneys for defendant, KULBERG FINANCES, INC. ("Defendant").

I am familiar with the facts and circumstances of this case and submit this affidavit in support of

Defendant's motion to vacate or reduce maritime attachment and to require plaintiff, SIBEL

SHIPPING LTD. ("Plaintiff"), to provide countersecurity for Defendant's counterclaim.  The

Declaration of Mr. Oleg Khaladzhy has also been submitted in support of Defendant's motion.

        2.      This action was commenced on December 13, 2007, with the filing of the

Summons and Complaint by Plaintiff.  A true and correct copy of the Complaint is annexed

hereto as Exhibit "A".  The same day, this Court signed an *ex parte* Order authorizing issuance

of process of maritime attachment and garnishment against the Defendant in the amount of $142,500.00. A true and correct copy of the Court's order is annexed hereto as Exhibit "B".

3.      On or about December 20, 2007, the full amount claimed by Plaintiff was attached in the form of an electronic funds transfer at the Bank of New York.

4.      Defendant appeared in this action on March 4, 2008 by filing its Answer and Counterclaim. Defendant's counterclaim included a prayer for countersecurity in the amount of $68,584.38 in accordance with Supplemental Rule E(7). A true and correct copy of Defendant's Answer and Counterclaim is annexed hereto as Exhibit "C".

5.      A portion of Plaintiff's principal claim in this Court was for indemnity for a cargo claim that Plaintiff alleges it faced in Turkey from Turkish cargo receivers. However, Plaintiff was advised that the cargo claim had been paid and satisfied by Defendant directly, and that Plaintiff had no further basis to attach property related to the indemnity claim. On or about March 6, 2008, Plaintiff agreed to release $47,500.00 from attachment, thereby reducing the amount under attachment to $95,000.00.

6.      In addition to the prayer for countersecurity contained in the Answer and Counterclaim, Defendant has made numerous other requests to Plaintiff requesting countersecurity. Emails to Plaintiff's counsel requesting that Plaintiff provide countersecurity are annexed hereto as Exhibit "D".

7.      Defendant has also requested that Plaintiff provide evidence for the balance of its alleged claims or voluntarily agree to reduce the amount of the attachment. Despite these requests, Plaintiff has provided no evidence to support the remaining portion of its claim. Correspondence to Plaintiff's counsel requesting that Plaintiff provide evidence to support the remaining portion of its claim are annexed hereto as Exhibit "E".

8.    Up to now, Plaintiff has not provided any evidence in support of its claims for the alleged i) loss of use of the vessel; ii) cost of the letter of guarantee; iii) Turkish legal fees; and iv) customs fine.  Consequently, Plaintiff's attachment should be vacated in its entirety or reduced to an amount based on proper evidence that a claim exists.

9.    Plaintiff should be required to provide countersecurity for Defendant's counterclaims, in accordance with Supplemental Rule E(7).

Dated: New York, New York
        May 29, 2008

PETER SKOUFALOS

Sworn to before me this
29th day of May, 2008

Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 2010

3

# EXHIBIT
## "A"

JUDGE KAPLAN                    07 CV 11216

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SIBEL SHIPPING LTD.

                          Plaintiff,              07 CV

-v-
                                          
KULBERG FINANCES INC.,
AGROSERVICE LTD., UKRAGROIMPEX LTD.,
and INTERBULK TRADE LLC.

                          Defendants.
----------------------------------------------------------x

        Plaintiff, SIBEL SHIPPING LTD. (hereinafter "SIBEL"), by its attorneys,

CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against

Defendants, KULBERG FINANCES INC. (hereinafter "KULBERG"), AGROSERVICE

LTD. (hereinafter "AGROSERVICE"), UKRAGROIMPEX LTD. (hereinafter

"UKRAGROIMPEX") and INTERBULK TRADE LLC. (hereinafter "INTERBULK"),

alleges upon information and belief as follows:

                          JURISDICTION

        1.      The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

                          THE PARTIES

        2.      At all times material hereto, Plaintiff, SIBEL, was and still is a foreign

business entity duly organized and existing pursuant to the laws of a foreign country,

with an office and principal place of business in Malta.

3.     At all times material hereto, Defendant, KULBERG, was and still is a foreign business entity, with an office and principle place of business at 15 East North Street, Dover, Delaware.

4.     At all times material hereto, Defendant, AGROSERVICE, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 54 Mira Avenue, Donetsk, Ukraine.

5.     At all times material hereto, Defendant, UKRAGROIMPEX, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 84/86, Saksaganskogo Lane, Kiev, Ukraine.

6.     At all times material hereto, Defendant, INTERBULK, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 84/86, Saksaganskogo Lane, Kiev, Ukraine and/or 54 Mira Avenue, Donetsk, Ukraine.

## FACTS AND CLAIM

7.     On or about October 10, 2007, SIBEL, as owner, and KULBERG, as charterer, entered into a charter-party for the M/V MY SHIP for a voyage charter from Mariupol, Ukraine to the port of Bandirma, Turkey, with the intention of carrying a cargo of sunflower seed extraction meal.

8.     The subject charter-party agreement is a maritime contract.

2

9.     Thereafter, Plaintiff entered into two (2) additional maritime contracts for the carriage of the subject cargo with Defendants AGROSERVICE, UKRAGROIMEPX and INTERBULK.

10.    After completion of loading and discharging of the said cargo, the receivers of the subject cargo arrested the vessel for an alleged shortage of cargo, causing plaintiff significant financial damage, claimed to be no less than $142,500.00.

11.    By virtue of the terms of the contracts of carriage by and between Plaintiff and Defendants, Plaintiff has demanded payment for the damages it has been caused to sustain as a result of Defendant's actions and/or short loading of the subject cargo.

12.    Despite repeated demands for payment, Defendants KULBERG, AGROSERVICE, UKRAGROIMPEX, and INTERBULK, in breach of the terms of the charter-party agreement and other contractual obligations for the subject carriage of cargo, have failed, neglected and/or otherwise refused to pay Plaintiff the sum of $142,500.00 which is now due and owing.

13.    In accordance with the terms of the parties' contractual agreements, disputes arising out of the agreements are to be resolved by arbitration proceedings in London. Plaintiff has timely commenced arbitration in London seeking $142,500.00 in damages.

## BASIS FOR ATTACHMENT

14.    Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits,

3

effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to or claimed by the Defendants within this District held by various parties, as

garnishees, including by not limited to electronic fund transfers.

15.    Plaintiff believes that some of these assets, to wit:  bank accounts;

payments from the purchasers of cargoes; freight and/or hire payments to or from owners

of vessels, or charterers, to Defendants, and/or Clearing House Interbank Payment

System (CHIPS) credits or funds being transferred through intermediary banks, are

located in this District in the possession of garnishees, including ABN AMRO BANK,

American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of

Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial,

Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA),

JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS

AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or

financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them

to appear and answer under oath all, and singular, the matters alleged in the Verified

Complaint;

B.    That since the Defendants cannot be found within the District, as set forth

in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the

Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order

directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and

Maritime Claims, attaching all of Defendants' tangible or intangible property or any other

4

funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $285,000.00 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

        C.     That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       December 13,  2007

                   CHALOS, O'CONNOR & DUFFY, L.L.P.
                   Attorneys for Plaintiff
                   SIBEL SHIPPING LTD.

By:                               
                   George M. Chalos (GC-8693)
                   366 Main Street
                   Port Washington, New York 11050
                   Tel: (516) 767-3600
                   Fax: (516) 767-3605
                   Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SIBEL SHIPPING LTD.,

                                    Plaintiff,                    07 CV

-v-
                                                                 **VERIFICATION OF**
                                                                 **COMPLAINT**
KULBERG FINANCES INC.,
AGROSERVICE LTD., UKRAGROIMPEX LTD.,
and INTERBULK TRADE LLC.

                                    Defendants.
-------------------------------------------------------------x


        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:


        1.      I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P.,

counsel for the Plaintiff, SIBEL SHIPPING LTD., herein;

        2.      I have read the foregoing Verified Complaint and know the contents thereof; and

        3.      I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and

attorneys.

        4.      The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
December 13, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
SIBEL SHIPPING LTD.

By: _____

George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

2

# EXHIBIT "B"

JUDGE KAPLAN

KAPLAN/5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

SIBEL SHIPPING LTD.,

                                        Plaintiff,

        -v-

KULBERG FINANCES INC.,
AGROSERVICE LTD., UKRAGROIMPEX LTD.,
and INTERBULK TRADE LLC.,

                                        Defendants.
-----------------------------------------------------------x

07 CV 11216

07 CV

**ORDER FOR ISSUANCE
OF PROCESS OF MARITIME
ATTACHMENT AND
GARNISHMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/07

Upon reading the Verified Complaint for issuance of Process of Maritime Attachment and

Garnishment, and the Declaration of George M. Chalos, Esq., attached thereto, and the Court

finding that the conditions for issuance of a Process of Maritime Attachment and Garnishment in

accordance with Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure appear to

exist, it is this 13th day of December, 2007, by the United States District Court for the Southern

District of New York,

        NOW, upon application of *Chalos, O'Connor & Duffy, LLP*, attorneys for the Plaintiff, it is

hereby,

        ORDERED, that the Clerk of this Court shall issue Process of Maritime Attachment and

garnishment as prayed for in the Verified Complaint against all property, tangible or intangible,

including funds, assets, cash, goods, chattels, credits, effects, debts owned by or owed to defendants

or monies to be paid to discharge a debt owed to the defendants, debts to be paid to the defendants

under letters of credit, and/or monies to be paid to discharge a debt owed from the defendants,

including monies being electronically transferred by or to defendants and including, but not limited to any such assets as may be in the possession or control of, or being transferred through any garnishee within this District, including, without limitation, property held by or in the possession or control of the following garnishee(s): ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS, or any of their affiliates and any other garnishee(s) within this district upon whom a copy of the Process of Maritime Attachment and Garnishment herein may be served, in an amount, up to

US $ ~~285,000.00~~ 142,500.00 as per Supplemental Rule E (5), plus interest and costs; and it is further,

**ORDERED,** that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further,

**ORDERED,** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and it is further,

**ORDERED,** that pursuant to Fed. R. Civ. P., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule B(1)(d)(ii)(C), the Writ of Attachment may be served by any person, who is not less than 18 years old, and who is not a party to this action; and it is further

**ORDERED,** that additional supplemental Process enforcing the Court's Order as against additional garnishee(s) who may be discovered in the course of this litigation to be holding property

2

of the defendants within this District may be issued by the Clerk upon application without further order of the Court; and it is further,

**ORDERED**, that service of the Process of Maritime Attachment and Garnishment on any garnishee(s) (i.e. any original garnishee named herein or any other garnishee later discovered) is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of the garnishee's business the next business day, and it is further

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment shall thereafter be made by way of service of a copy of the Process of Maritime Attachment and Garnishment and, additionally, shall be made via facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served.

Dated: New York, New York
December 13, 2007

SO ORDERED:

U. S. D. J.

A CERTIFIED COPY
J. MICHAEL McMAHON, _ _ **CLERK**

BY _____
DEPUTY CLERK

3

# EXHIBIT
## "C"

BROWN GAVALAS & FROMM LLP
Attorneys for Defendant
KULBERG FINANCES INC.
355 Lexington Avenue
New York, New York 10017
(212) 983-8500

-------------------------------------------------------X
SIBEL SHIPPING LTD.,

                    Plaintiff,                    07 CV 11216 (LAK)

      -v-

KULBERG FINANCES INC.,
AGROSERVICE LTD., UKRAGROIMPEX      **ANSWER AND COUNTERCLAIM**
LTD., and INTERBULK TRADE LLC.,

                  Defendants.
-------------------------------------------------------X

      Defendant, KULBERG FINANCES INC. ("Kulberg"), by and through its attorneys,

BROWN GAVALAS & FROMM LLP, for its answer to the Complaint of SIBEL SHIPPING

LTD. ("Plaintiff"), alleges as follows:

      1.      Neither admits nor denies the allegations contained in paragraph "1" of the

Complaint because those allegations contain conclusions of law for which no response is

required.  To the extent a response is required, Defendant denies the allegations contained in

paragraph "1" of the Complaint.

      2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "2" of the Complaint.

      3.      Admits the allegations contained in paragraph "3" of the Complaint.

      4.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "4" of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7.      Denies the allegations contained in paragraph "7" of the Complaint, except admits that Plaintiff and Kulberg entered into an agreement for the transport of a cargo of sunflower seed meal aboard the M/V MY SHIP ("the Vessel") from Mariupol, Ukraine to Bandirma, Turkey.

8.      Neither admits nor denies the allegations contained in paragraph "8" of the Complaint because those allegations contain conclusions of law for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph "8" of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11.      Denies the allegations contained in paragraph "11" of the Complaint.

12.      Denies the allegations contained in paragraph "12" of the Complaint.

13.      Denies the allegations contained in paragraph "13" of the Complaint.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16.    This Court lacks *in personam* jurisdiction over Kulberg.


## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17.    Plaintiff has failed to effect proper service of process upon Kulberg.


## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18.    Plaintiff's claims are subject to arbitration in London pursuant to the governing contracts and Plaintiff's claims in this action should be stayed pending arbitration in London.


## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19.    Plaintiff's Complaint fails to state a claim for which relief can be granted.


## AS AND FOR A FIRST COUNTERCLAIM

Defendant Kulberg hereby conditionally asserts the following counterclaim against Plaintiff. The Counterclaim, as with Plaintiff's claims asserted in its Complaint, is subject to London arbitration pursuant to the governing contract of carriage referenced above, and this counterclaim is asserted herein solely for the purposes of obtaining counter-security pursuant to Fed. R. Civ. P. Supp. Adm. R. E(7)(a). This counterclaim is strictly subject to and without waiver of Defendant Kulberg's affirmative defenses listed above, including but not limited to lack of jurisdiction and that the disputes between Plaintiff and Defendants are subject to arbitration in London.

3

1.     The preceding paragraphs are repeated and incorporated herein as if set forth in full.

2.     Pursuant to the fixing note entered into between Kulberg and Plaintiff on or about October 18, 2007, the parties agreed that the cargo quantity was "to be determined by draft survey for [Kulberg's] time and account."

3.     At the load port in Mariupol, Ukraine various discrepancies in the quantity of cargo loaded aboard the Vessel were noted between the draft survey figures obtained by Kulberg and cargo quantities determined by shore side measurements.

4.     Kulberg protested these discrepancies and demanded that Plaintiff, as the vessel owner, ascertain the cause of these quantity discrepancies prior to the Vessel departing for the discharge port in Bandirma, Turkey.

5.     Despite Kulberg's protestations and demand for an investigation as to the source of the discrepancy in cargo quantity, Plaintiff refused and failed to conduct a further draft survey, or to otherwise conduct an investigation into the cause for the quantity discrepancy.

6.     As a consequence of Plaintiff's breach, a claim was filed by the cargo receivers in Turkey against Defendant claiming a shortage in the cargo delivered at the discharge port. Plaintiff's actions and failure to act at the load port precluded Defendant from rebutting the cargo receiver's claim for shortage and further precluded Defendant from asserting an adequate defense based on accurate information concerning the quantity of cargo loaded aboard the Vessel at the port of loading.

7.     As a consequence of Plaintiff's breach, Defendant has incurred damages in the form of a payment to the cargo receivers in the amount of $24,000.00. Kulberg intends to seek recovery of this amount by way of a counterclaim in London arbitration.

8.    Rule E(7)(a) of the Supplemental Rules for Certain Admiralty and Maritime

Claims provides as follows:

> When a person who has given security for damages in the original
> action asserts a counterclaim that arises from the same transaction
> or occurrence that is the subject of the original action, a plaintiff
> for whose benefit the security has been given <u>must</u> give security
> for damages demanded in the counterclaim unless the Court, for
> cause shown, directs otherwise. Proceedings on the original claim
> must be stayed until this security is given, unless the Court directs
> otherwise.

9.    In the present case, Plaintiff has asserted claims against Kulberg totaling

$142,500.00 and has attached funds of Kulberg in this district at the Bank of New York in the

full amount of this claim.

10.    Kulberg will assert a counterclaim in the London arbitration and herein which

arises from the same transaction or occurrence, the principal amount of which totals $24,000.00.

11.    If successful, the London arbitrators will likely award Kulberg interest, attorneys'

fees, and arbitrators' fees in connection with the prosecution of Kulberg's counterclaim in the

following amounts: (a) Interest, calculated at 6% *per annum*, compounded quarterly for three

years, totaling $4,584.38; and, (b) Legal costs, including attorneys' fees and arbitrators' fees of

$40,000.00.

12.    Based on the foregoing, Kulberg is entitled to counter-security in the amount of

$68,584.38 in respect of its counterclaim.

**WHEREFORE**, Defendant Kulberg prays:

A.    That Plaintiff's claims be denied in full;

B.    That this action be stayed pending arbitration of the disputes in London;

C.    That the *Order of Attachment* obtained by Plaintiff in this action be vacated in its

entirety; and/or

5

D.    That Kulberg's counterclaim and request for counter-security be granted in full.

Dated: New York, New York
       March 4, 2008

Respectfully submitted,
BROWN GAVALAS & FROMM LLP
Attorneys for Defendant
KULBERG FINANCES INC.

By: _____
Peter Skoufalos (PS 0105)
355 Lexington Avenue
New York, New York 10017
(212) 983-8500

TO:

Chalos, O'Connor & Duffy, L.L.P.
Attorneys for Plaintiff
366 Main St.
Port Washington, New York 11050
Attn.:  George M. Chalos, Esq.

# EXHIBIT "D"

## Peter Skoufalos

| | |
|---|---|
| **From:** | Peter Skoufalos [pskoufalos@browngavalas.com] |
| **Sent:** | Thursday, March 06, 2008 3:01 PM |
| **To:** | 'gkontakis@codus-law.com'; 'George M. Chalos' |
| **Cc:** | 'Patrick R. O'Mea' |
| **Subject:** | Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001] |

Dear George,

With reference to our telcon of today, we cannot agree to the immediate release of any sum less than $49,974.90 as per my email of yesterday. The fact that Turkish counsel would like to have a nice round number of $95,000 remaining under attachment is simply not a sufficient response to our email setting out the basis for why $49,974.90 should be released immediately. I will get you remittance information for this latter amount hopefully on your opening tomorrow.

Also, as discussed, it is our position that the balance of the complaint, absent the claim for indemnity for the alleged cargo loss, does not state a *prima facie* maritime claim. Consequently, if we cannot reach agreement tomorrow on security issues, it is our intention to file a motion to vacate the balance of the attachment.

Finally, please advise tomorrow whether your client is prepared to voluntarily post countersecurity in respect to the counterclaim we recently filed in the amount of $68,584.38.

Regards,

## Peter Skoufalos
Brown Gavalas & Fromm LLP
355 Lexington Avenue, 4th Floor
New York, New York 10017-6603

Tel.:  212 983-8500
Fax:  212 983-5946
Mob.: 917 686-3600

pskoufalos@browngavalas.com
www.browngavalas.com

This electronic mail transmission contains information from the law firm of Brown Gavalas & Fromm LLP, which may be privileged or confidential. The information contained herein is for the exclusive use of the addressee named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this information is prohibited. If you have received this electronic mail transmission in error, please notify us by telephone (212 983–8500) or by electronic mail.

4/30/2008

## Patrick R. O'Mea

**From:** Peter Skoufalos [pskoufalos@browngavalas.com]
**Sent:** Friday, March 07, 2008 11:13 AM
**To:** 'George M. Chalos'
**Cc:** gkontakis@codus-law.com; 'Patrick R. O'Mea'
**Subject:** FW: Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

George,

Can you please get back to me on my email below and our subsequent discussions?

Peter Skoufalos
Brown Gavalas & Fromm LLP
Off.:   212 983-8500
Mob.: 917 686-3600

**From:** Peter Skoufalos [mailto:pskoufalos@browngavalas.com]
**Sent:** Thursday, March 06, 2008 3:01 PM
**To:** 'gkontakis@codus-law.com'; 'George M. Chalos'
**Cc:** 'Patrick R. O'Mea'
**Subject:** Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

Dear George,

With reference to our telcon of today, we cannot agree to the immediate release of any sum less than $49,974.90 as per my email of yesterday. The fact that Turkish counsel would like to have a nice round number of $95,000 remaining under attachment is simply not a sufficient response to our email setting out the basis for why $49,974.90 should be released immediately. I will get you remittance information for this latter amount hopefully on your opening tomorrow.

Also, as discussed, it is our position that the balance of the complaint, absent the claim for indemnity for the alleged cargo loss, does not state a *prima facie* maritime claim. Consequently, if we cannot reach agreement tomorrow on security issues, it is our intention to file a motion to vacate the balance of the attachment.

Finally, please advise tomorrow whether your client is prepared to voluntarily post countersecurity in respect to the counterclaim we recently filed in the amount of $68,584.38.

Regards,

Peter Skoufalos
Brown Gavalas & Fromm LLP
355 Lexington Avenue, 4th Floor

5/6/2008

New York, New York 10017-6603

Tel.:   212 983-8500
Fax:   212 983-5946
Mob.: 917 686-3600

pskoufalos@browngavalas.com
www.browngavalas.com

---

This electronic mail transmission contains information from the law firm of Brown Gavalas & Fromm LLP, which may be privileged or confidential. The information contained herein is for the exclusive use of the addressee named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this information is prohibited. If you have received this electronic mail transmission in error, please notify us by telephone (212 983-8500) or by electronic mail.

## Peter Skoufalos

| | |
|---|---|
| **From:** | Peter Skoufalos [pskoufalos@browngavalas.com] |
| **Sent:** | Friday, March 07, 2008 3:11 PM |
| **To:** | 'George M. Chalos' |
| **Cc:** | 'gkontakis@codus-law.com'; 'Patrick R. O'Mea' |
| **Subject:** | FW: Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001] |

Dear George and George,

Please let me know what your client's position is one way or the other on our request for security on our counterclaim.

**Peter Skoufalos**
Brown Gavalas & Fromm LLP
Off.:  212 983-8500
Mob.: 917 686-3600

---

**From:** Peter Skoufalos [mailto:pskoufalos@browngavalas.com]
**Sent:** Friday, March 07, 2008 11:13 AM
**To:** 'George M. Chalos'
**Cc:** 'gkontakis@codus-law.com'; 'Patrick R. O'Mea'
**Subject:** FW: Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

George,

Can you please get back to me on my email below and our subsequent discussions?

**Peter Skoufalos**
Brown Gavalas & Fromm LLP
Off.:  212 983-8500
Mob.: 917 686-3600

---

**From:** Peter Skoufalos [mailto:pskoufalos@browngavalas.com]
**Sent:** Thursday, March 06, 2008 3:01 PM
**To:** 'gkontakis@codus-law.com'; 'George M. Chalos'
**Cc:** 'Patrick R. O'Mea'
**Subject:** Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

Dear George,

With reference to our telcon of today, we cannot agree to the immediate release of any sum less than

4/30/2008

$49,974.90 as per my email of yesterday. The fact that Turkish counsel would like to have a nice round number of $95,000 remaining under attachment is simply not a sufficient response to our email setting out the basis for why $49,974.90 should be released immediately. I will get you remittance information for this latter amount hopefully on your opening tomorrow.

Also, as discussed, it is our position that the balance of the complaint, absent the claim for indemnity for the alleged cargo loss, does not state a *prima facie* maritime claim. Consequently, if we cannot reach agreement tomorrow on security issues, it is our intention to file a motion to vacate the balance of the attachment.

Finally, please advise tomorrow whether your client is prepared to voluntarily post countersecurity in respect to the counterclaim we recently filed in the amount of $68,584.38.

Regards,

**Peter Skoufalos**
Brown Gavalas & Fromm LLP
355 Lexington Avenue, 4th Floor
New York, New York 10017-6603

Tel.:  212 983-8500
Fax:  212 983-5946
Mob.: 917 686-3600

pskoufalos@browngavalas.com
www.browngavalas.com

This electronic mail transmission contains information from the law firm of Brown Gavalas & Fromm LLP, which may be privileged or confidential. The information contained herein is for the exclusive use of the addressee named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this information is prohibited. If you have received this electronic mail transmission in error, please notify us by telephone (212 983-8500) or by electronic mail.

4/30/2008

## Peter Skoufalos

**From:**    Peter Skoufalos [pskoufalos@browngavalas.com]
**Sent:**    Monday, March 10, 2008 3:38 PM
**To:**    'George M. Chalos'
**Cc:**    'George K. Kontakis'; 'Patrick R. O'Mea'
**Subject:**    RE: Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

George,

Trust you've now heard back from your co-counsel in Turkey on (1) releasing the full amount of my client's funds, plus interest, relating to the cargo claim; (2) our request for countersecurity; and (3) for supports for the non-cargo claim portion of your complaint.


**Peter Skoufalos**
Brown Gavalas & Fromm LLP
Off.:   212 983-8500
Mob.: 917 686-3600



**From:** Peter Skoufalos [mailto:pskoufalos@browngavalas.com]
**Sent:** Friday, March 07, 2008 3:11 PM
**To:** George M. Chalos
**Cc:** George K. Kontakis; 'Patrick R. O'Mea'
**Subject:** FW: Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

Dear George and George,

4/30/2008

Please let me know what your client's position is one way or the other on our request for security on our counterclaim.


**Peter Skoufalos**
Brown Gavalas & Fromm LLP
Off.:  212 983-8500
Mob.: 917 686-3600

---

**From:** Peter Skoufalos [mailto:pskoufalos@browngavalas.com]
**Sent:** Friday, March 07, 2008 11:13 AM
**To:** 'George M. Chalos'
**Cc:** 'gkontakis@codus-law.com'; 'Patrick R. O'Mea'
**Subject:** FW: Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

George,

Can you please get back to me on my email below and our subsequent discussions?


**Peter Skoufalos**
Brown Gavalas & Fromm LLP
Off.:  212 983-8500
Mob.: 917 686-3600

---

**From:** Peter Skoufalos [mailto:pskoufalos@browngavalas.com]
**Sent:** Thursday, March 06, 2008 3:01 PM
**To:** 'gkontakis@codus-law.com'; 'George M. Chalos'
**Cc:** 'Patrick R. O'Mea'
**Subject:** Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

Dear George,

With reference to our telcon of today, we cannot agree to the immediate release of any sum less than $49,974.90 as per my email of yesterday.  The fact that Turkish counsel would like to have a nice round number of $95,000 remaining under attachment is simply not a sufficient response to our email setting out the basis for why $49,974.90 should be released immediately.  I will get you remittance information for this latter amount hopefully on your opening tomorrow.

Also, as discussed, it is our position that the balance of the complaint, absent the claim for indemnity for the alleged cargo loss, does not state a *prima facie* maritime claim.  Consequently, if we cannot reach agreement tomorrow on security issues, it is our intention to file a motion to vacate the balance of the attachment.

4/30/2008

Finally, please advise tomorrow whether your client is prepared to voluntarily post countersecurity in respect to the counterclaim we recently filed in the amount of $68,584.38.

Regards,

**Peter Skoufalos**
Brown Gavalas & Fromm LLP
355 Lexington Avenue, 4th Floor
New York, New York 10017-6603

Tel.:   212 983-8500
Fax:   212 983-5946
Mob.: 917 686-3600

pskoufalos@browngavalas.com
www.browngavalas.com

This electronic mail transmission contains information from the law firm of Brown Gavalas & Fromm LLP, which may be privileged or confidential. The information contained herein is for the exclusive use of the addressee named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this information is prohibited. If you have received this electronic mail transmission in error, please notify us by telephone (212 983-8500) or by electronic mail.

4/30/2008

## Peter Skoufalos

| | |
|---|---|
| **From:** | Peter Skoufalos [pskoufalos@browngavalas.com] |
| **Sent:** | Friday, March 14, 2008 2:50 PM |
| **To:** | 'George M. Chalos' |
| **Cc:** | 'George K. Kontakis'; 'Patrick R. O'Mea' |
| **Subject:** | RE: Sibel Shipping LTD v. Kulberg Finances |

George,

My client cannot accept plaintiff's proposal as it is entirely unreasonable both in rejecting the counterclaim (and our request for countersecurity), and in the settlement demanded.

First, Judge Kaplan is not going to be the trier of fact that decides the merits of this dispute, including Kulberg's counterclaim. Those merits will be decided by London arbitrators. As you know, courts "should be reluctant to prejudge the merits of claims based essentially on the pleadings and a sparse record consisting of a few documents, in advance of discovery. This is particularly so when the ultimate merits will be decided not by this court, but by an arbitration panel in another country." *Finecom Shipping Ltd. v. Multi Trade Enters, AG,* 2005 WL 2838611, at 1 (S.D.N.Y. Oct. 25, 2005). Therefore, courts will readily award countersecurity in such cases and you have cited no reason why Kulberg would not be entitled to countersecurity under Rule E(7). The fact that plaintiff disagrees with our counterclaim is certainly not a ground for the court to deny our motion for countersecurity.

Second, your statement that the vessel "stopped discharging" on Nov. 9, 2007 because of the cargo shortage, is not borne out by copies of the SOF we have for Bandirma signed by the master. This SOF makes no mention of a stoppage of discharge, other then due to weather or the unavailability of work gangs. In fact, the SOF expressly notes "worked (sic) and discharge completed" on Nov. 11, 2007.

Regarding the balance of the alleged claim for lost time, we point out only that owners appear to have taken an inordinate time to put up security and assure the release of the vessel and that this was completely within their exclusive control. Therefore, we do not understand the comment that the vessel's "availability was unknown". In any event, the conflict between what your client says and what the SOF reflects gives us substantial concern about accepting the balance of owners' representations regarding "time lost" without the opportunity to conduct discovery in the London proceedings.

Third, the claim for attorneys fees is rejected as this is not a maritime claim for which a Rule B attachment is permitted. Any such claim should be pursued in the London arbitration.

Finally, we have no record of a "pending" customs fine relating to a shortage of cargo. Please provide all documentation concerning this item although we completely reserve our position that this is not a maritime claim for which a Rule B attachment is available. Moreover, this claim is clearly in the nature of a contingent indemnity for which numerous courts have refused to allow a Rule B attachment.

Failing our agreement on countersecurity, we are instructed to file a motion under Rule E(7) and a

motion to vacate and/or reduce plaintiff's security under Rules E(4)(f) and E(6).

Regards,

**Peter Skoufalos**
Brown Gavalas & Fromm LLP
Off.:   212 983-8500
Mob.: 917 686-3600

---

REDACTED MATERIAL

REDACTED MATERIAL

---

REDACTED MATERIAL

4/30/2008

# EXHIBIT
# "E"

## Patrick R. O'Mea

| | |
|---|---|
| **From:** | Peter Skoufalos [pskoufalos@browngavalas.com] |
| **Sent:** | Friday, February 15, 2008 3:35 PM |
| **To:** | 'George M. Chalos' |
| **Cc:** | 'Patrick R. O'Mea'; gkontakis@codus-law.com |
| **Subject:** | Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001] |

WITHOUT PREJUDICE

Dear George:

Thanks for your email of February 11, 2008.

First, as your letter notes (and we agree), Sibel has not paid the Cargo Receivers' claim for $29,000, currently pending in the Turkish courts. This has been resolved directly by Kulberg. Therefore, we request that you immediately release that amount from the attachment, together with a proportionate amount of interest claimed in your complaint. There is currently no basis for restraining that amount.

Second, we request that you provide us with documentary support for certain amounts you claim in your email. Specifically, we ask that you provide:

1.     Documents supporting claim for the Vessel's alleged lost earning. It is our understanding that the vessel did not spend any time in port in excess of normal cargo operations;

2.     An invoice or receipt or other evidence for the alleged cost of the bank guarantee provided by your client to the Cargo Receivers; and

3.     Documents supporting claimed Turkish legal fees.

Obviously, we reject any claim for legal fees incurred for proceedings in the United States, as these fees, as you know, are not recoverable.

We look forward to receiving the requested documents, as well as your confirmation that immediate steps are being taken to release from attachment the $29,000 claimed for the cargo claim (plus proportionate interest claimed).

Please feel free to contact us for any reason.

Regards,

**Peter Skoufalos**
Brown Gavalas & Fromm LLP
355 Lexington Avenue, 4th Floor
New York, New York 10017-6603

Tel.:  212 983-8500
Fax:  212 983-5946

5/6/2008

Mob.: 917 686-3600

pskoufalos@browngavalas.com

www.browngavalas.com

This electronic mail transmission contains information from the law firm of Brown Gavalas & Fromm LLP, which may be privileged or confidential. The information contained herein is for the exclusive use of the addressee named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this information is prohibited. If you have received this electronic mail transmission in error, please notify us by telephone (212 983-8500) or by electronic mail.

5/6/2008

## Patrick R. O'Mea

| | |
|---|---|
| **From:** | Peter Skoufalos [pskoufalos@browngavalas.com] |
| **Sent:** | Tuesday, February 26, 2008 4:11 PM |
| **To:** | 'George M. Chalos' |
| **Cc:** | 'Patrick R. O'Mea' |
| **Subject:** | RE: Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001] |

Dear George,

We refer to your email of February 25, 2008.

With all due respect, I do not think it is for Turkish counsel to tell us what is or is not necessary for plaintiff to sustain its burden in a Rule B proceeding in the Southern District of New York. Nor would compliance with some formality in the Turkish Courts be necessary for Sibel to release funds under attachment here in NY. Clearly, we have provided sufficient "good cause" to reduce the attachment based on the SWIFT confirmation sheet and the release letter on Onallar's letterhead.

Therefore, we request that you release forthwith that portion of the attachment related to the cargo receivers' claims, plus corresponding interest. Alternatively, we will be filing a motion pursuant to Supplemental Rules E(4)(f) and E(6).

We also look forward to receiving supporting documentation for the balance of your claim, as per our earlier requests.

Regards,

Peter Skoufalos
Brown Gavalas & Fromm LLP
Off.:   212 983-8500
Mob.: 917 686-3600

REDACTED MATERIAL                                    ]

5/6/2008

REDACTED MATERIAL

REDACTED MATERIAL

REDACTED MATERIAL

**From:** Patrick R. O'Mea [mailto:pro@browngavalas.com]
**Sent:** Wednesday, February 20, 2008 12:08 PM
**To:** George M. Chalos
**Cc:** pskoufalos@browngavalas.com
**Subject:** Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

Dear George-

5/6/2008

We refer to your email of February 18, 2008.

Attached is the SWIFT confirmation sheet evidencing Kulberg's payment of the cargo claim. As you can see, the payment is for "97.35 MT sunflowerseed extraction meal in bulk shortage at Bandirma, M/V MYSHIP." Also attached is a letter from Onallar Yem Sanayii ve Ticaret Ltd., acknowledging receipt of same and waiving its claim against Kulberg. Accordingly, we look forward to receiving your confirmation that $29,000, plus proportionate interest claimed for this amount, will be released immediately from attachment.

In addition, we would appreciate your soonest response regarding documentary support for the balance Sibel's claims, as per our email of February 15, 2008.

Please do not hesitate to contact us for any reason.

Regards,
Patrick R. O'Mea
Brown Gavalas & Fromm LLP
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946
pro@browngavalas.com
www.browngavalas.com

---

This electronic mail transmission contains information from the law firm of Brown Gavalas & Fromm LLP, which may be privileged or confidential. The information contained herein is for the exclusive use of the addressee named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this information is prohibited. If you have received this electronic mail transmission in error, please notify us by telephone (212 983-8500) or by electronic mail.

**Patrick R. O'Mea**

| | |
|---|---|
| **From:** | Peter Skoufalos [pskoufalos@browngavalas.com] |
| **Sent:** | Monday, March 10, 2008 3:38 PM |
| **To:** | 'George M. Chalos' |
| **Cc:** | 'George K. Kontakis'; 'Patrick R. O'Mea' |
| **Subject:** | RE: Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001] |

George,

Trust you've now heard back from your co-counsel in Turkey on (1) releasing the full amount of my client's funds, plus interest, relating to the cargo claim; (2) our request for countersecurity; and (3) for supports for the non-cargo claim portion of your complaint.

**Peter Skoufalos**
Brown Gavalas & Fromm LLP
Off.: 212 983-8500
Mob.: 917 686-3600

REDACTED MATERIAL

**From:** Peter Skoufalos [mailto:pskoufalos@browngavalas.com]
**Sent:** Friday, March 07, 2008 3:11 PM
**To:** George M. Chalos
**Cc:** George K. Kontakis; 'Patrick R. O'Mea'
**Subject:** FW: Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

Dear George and George,

5/6/2008

Please let me know what your client's position is one way or the other on our request for security on our counterclaim.


**Peter Skoufalos**
Brown Gavalas & Fromm LLP
Off.:   212 983-8500
Mob.: 917 686-3600

---

**From:** Peter Skoufalos [mailto:pskoufalos@browngavalas.com]
**Sent:** Friday, March 07, 2008 11:13 AM
**To:** 'George M. Chalos'
**Cc:** 'gkontakis@codus-law.com'; 'Patrick R. O'Mea'
**Subject:** FW: Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

George,

Can you please get back to me on my email below and our subsequent discussions?


**Peter Skoufalos**
Brown Gavalas & Fromm LLP
Off.:   212 983-8500
Mob.: 917 686-3600

---

**From:** Peter Skoufalos [mailto:pskoufalos@browngavalas.com]
**Sent:** Thursday, March 06, 2008 3:01 PM
**To:** 'gkontakis@codus-law.com'; 'George M. Chalos'
**Cc:** 'Patrick R. O'Mea'
**Subject:** Sibel Shipping v. Kulberg Finances, 07 Civ. 11216 (LAK) [ORef.: 1605.0001]

Dear George,

With reference to our telcon of today, we cannot agree to the immediate release of any sum less than $49,974.90 as per my email of yesterday.  The fact that Turkish counsel would like to have a nice round number of $95,000 remaining under attachment is simply not a sufficient response to our email setting out the basis for why $49,974.90 should be released immediately.  I will get you remittance information for this latter amount hopefully on your opening tomorrow.

Also, as discussed, it is our position that the balance of the complaint, absent the claim for indemnity for the alleged cargo loss, does not state a *prima facie* maritime claim.  Consequently, if we cannot reach agreement tomorrow on security issues, it is our intention to file a motion to vacate the balance of the attachment.

5/6/2008

Finally, please advise tomorrow whether your client is prepared to voluntarily post countersecurity in respect to the counterclaim we recently filed in the amount of $68,584.38.

Regards,

**Peter Skoufalos**
Brown Gavalas & Fromm LLP
355 Lexington Avenue, 4th Floor
New York, New York 10017-6603

Tel.:   212 983-8500
Fax:   212 983-5946
Mob.: 917 686-3600

pskoufalos@browngavalas.com
www.browngavalas.com

This electronic mail transmission contains information from the law firm of Brown Gavalas & Fromm LLP, which may be privileged or confidential. The information contained herein is for the exclusive use of the addressee named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this information is prohibited. If you have received this electronic mail transmission in error, please notify us by telephone (212 983-8500) or by electronic mail.

5/6/2008

**Patrick R. O'Mea**

| | |
|---|---|
| **From:** | Peter Skoufalos [pskoufalos@browngavalas.com] |
| **Sent:** | Friday, March 14, 2008 2:50 PM |
| **To:** | 'George M. Chalos' |
| **Cc:** | 'George K. Kontakis'; 'Patrick R. O'Mea' |
| **Subject:** | RE: Sibel Shipping LTD v. Kulberg Finances |

George,

My client cannot accept plaintiff's proposal as it is entirely unreasonable both in rejecting the counterclaim (and our request for countersecurity), and in the settlement demanded.

First, Judge Kaplan is not going to be the trier of fact that decides the merits of this dispute, including Kulberg's counterclaim. Those merits will be decided by London arbitrators. As you know, courts "should be reluctant to prejudge the merits of claims based essentially on the pleadings and a sparse record consisting of a few documents, in advance of discovery. This is particularly so when the ultimate merits will be decided not by this court, but by an arbitration panel in another country." *Finecom Shipping Ltd. v. Multi Trade Enters, AG*, 2005 WL 2838611, at 1 (S.D.N.Y. Oct. 25, 2005). Therefore, courts will readily award countersecurity in such cases and you have cited no reason why Kulberg would not be entitled to countersecurity under Rule E(7). The fact that plaintiff disagrees with our counterclaim is certainly not a ground for the court to deny our motion for countersecurity.

Second, your statement that the vessel "stopped discharging" on Nov. 9, 2007 because of the cargo shortage, is not borne out by copies of the SOF we have for Bandirma signed by the master. This SOF makes no mention of a stoppage of discharge, other then due to weather or the unavailability of work gangs. In fact, the SOF expressly notes "worked (sic) and discharge completed" on Nov. 11, 2007.

Regarding the balance of the alleged claim for lost time, we point out only that owners appear to have taken an inordinate time to put up security and assure the release of the vessel and that this was completely within their exclusive control. Therefore, we do not understand the comment that the vessel's "availability was unknown". In any event, the conflict between what your client says and what the SOF reflects gives us substantial concern about accepting the balance of owners' representations regarding "time lost" without the opportunity to conduct discovery in the London proceedings.

Third, the claim for attorneys fees is rejected as this is not a maritime claim for which a Rule B attachment is permitted. Any such claim should be pursued in the London arbitration.

Finally, we have no record of a "pending" customs fine relating to a shortage of cargo. Please provide all documentation concerning this item although we completely reserve our position that this is not a maritime claim for which a Rule B attachment is available. Moreover, this claim is clearly in the nature of a contingent indemnity for which numerous courts have refused to allow a Rule B attachment.

Failing our agreement on countersecurity, we are instructed to file a motion under Rule E(7) and a

motion to vacate and/or reduce plaintiff's security under Rules E(4)(f) and E(6).

Regards,


**Peter Skoufalos**
Brown Gavalas & Fromm LLP
Off.:   212 983-8500
Mob.: 917 686-3600

---

REDACTED MATERIAL

REDACTED MATERIAL

---

REDACTED MATERIAL

5/6/2008