BROWN GAVALAS & FROMM LLP
Attorneys for Defendant
KULBERG FINANCES INC.
355 Lexington Avenue
New York, New York 10017
(212) 983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SIBEL SHIPPING LTD.,

                Plaintiff,                       07 CV 11216 (LAK)

    -v-

KULBERG FINANCES, INC., AGROSERVICE        **REPLY DECLARATION OF**
LTD., UKRAGROIMPEX LTD., and                **OLEG KHALADZHY**
INTERBULK TRADE LLC,

                Defendants.
------------------------------------------------------------X

       I, OLEG KHALADZHY, pursuant to Section 1746 of Title 28 of the United States Code

of the United States of America, hereby declare and say the following under penalty of perjury:

       1.      I have previously submitted a signed Declaration dated May 29, 2008, to which

were appended Exhibits "A" through "E", to support the application of Kulberg Finances Inc. to

lift, or reduce, the attachment obtained against property of Kulberg. I respectfully refer this

Honorable Court to my earlier Declaration, the contents of which I adopt and re-affirm herein.

       2.      My earlier Declaration also requested that this Court award Kulberg security for a

claim Kulberg has made in its responsive Answer filed in this case. My current Declaration is in

further support of this request for security.

3.    I have read the Affirmation and Incorporated Memorandum of Law of George M. Chalos. My current Declaration will also respond to the erroneous statements contained in Mr. Chalos's Affirmation.

4.    Mr. Chalos in his Affirmation is confusing my responsibilities on behalf of Kulberg, which are ongoing, and the formal Power of Attorney I was given for, among other things, to defend the company in litigation and to commence litigation on its behalf as per Exhibit "A" attached to my May 29, 2008 Declaration.

5.    On behalf of Kulberg, I am in charge of all trading and chartering activity for the company. I attest that I was handling the matter of the alleged shortage in Bandirma, Turkey from the very beginning. The Power of Attorney given to me in January 2008, only 2 months after the claimed shortage incident in Turkey, was for the specific purpose of acting for the company in any court proceedings related to that incident. The fact that a Power of Attorney was given to me in January 2008, does not rule out that I was acting for the company in my capacity as a trader and chartering person in relation to this voyage in November 2007, and that I have first hand and personal knowledge of this incident.

6.    I would also note that the Power of Attorney given to me by Kulberg was signed by a director of Kulberg, Mr. Shane Michael Smith, and that Mr. Smith is specifically identified in the Fixing Note reflecting the parties' contract and which forms the basis of the Plaintiff's claim. Please see Exhibit "B" to my May 29, 2008 Declaration.

2

7.    I have also had principal responsibility in instructing attorneys in New York to represent Kulberg before this Honorable Court. I have had principal responsibility in instructing attorney Peter Skoufalos and his firm and have assisted him in preparing Kulberg's submission related to this request for a lifting or reduction of the attachment and for security for Kulberg's own claim. I have also instructed attorney Vlad Markelov of the Ukraine-based company Maritime Consulting Agency Ltd., to assist Kulberg in all aspects of this matter. In fact, Mr. Chalos, at page 2 of his Affirmation, readily concedes that the Plaintiff's own representatives have spoken with Mr. Markelov— whom I appointed.

8.    I note as well that, while Mr. Chalos vaguely questions my personal knowledge of the incident at issue, he nowhere disputes the accuracy or authenticity of the documents appended to my May 29, 2008 Declaration, nor does he actually dispute the substance of what I have stated in my earlier Declaration.

9.    In my May 29, 2008 Declaration, I outlined what I understood to be the Plaintiff's remaining claims in the Court; (i) loss of use of the vessel while it was under arrest by Turkish cargo receivers; (ii) administrative cost of a bank letter of guarantee given to Turkish cargo interests; (iii) legal fees in Turkey in the amount of $2,645.00 in relation to the cargo receiver's claims; (iv) an un-assessed customs fine in the amount of $10,000.00 in connection with the cargo quantity discrepancy.

3

10.     Despite ample opportunity to gather additional information and documentary evidence in support of these asserted claims, I respectfully note that no additional documents supporting these underlying claims have been offered to this Court in the Plaintiff's submissions.

11.     For example, at paragraph 16 of my May 29, 2008 Declaration (my original Declaration contained a mis-numbering of paragraphs such that there are two paragraphs numbered "16) and the accompanying Exhibit "E", I noted that the record of the vessel's activities while in Turkey did not reflect that the vessel had been unable to carry out its normal activities. Therefore, the vessel could not have lost any subsequent business opportunities. The Plaintiff has not introduced contrary evidence.

12.     The Plaintiff has also claimed that Kulberg should pay the Plaintiff's legal fees in Turkey ($2,465.00), as well as the cost of a letter of guarantee ($842.50) which Plaintiff says it incurred to release the vessel from the Turkish receiver's claim. However, as I noted in my May 29 2008 Declaration, the Plaintiff has not produced a single invoice or other document reflecting that these charges were in fact incurred by the Plaintiff and paid.

13.     Finally, I note that the Plaintiff has now modified its claim for a customs fine from $10,000.00 to $4,500.00 (please see page 8 of Mr. Chalos's Affirmation). However, the Plaintiff has still not made available any written evidence that a customs fine has ever been imposed (for any amount) on the Plaintiff by Turkish officials. Nor has the Plaintiff produced any evidence that, if such a customs fine was imposed, the Plaintiff has paid it. Here, again, the

4

Plaintiff is seeking to restrain and seize Kulberg's property as security for a claim for which there is presently no evidence before this Honorable Court.

14.    As noted above and in my May 29, 2008 Declaration, Kulberg has asserted its own claim against the Plaintiff in relation to the same voyage and incident. This claim has been set out as a counterclaim in the Answer filed on behalf of Kulberg in the current proceedings before this Honorable Court.

15.    The substance of Kulberg's claim against the Plaintiff is that the Plaintiff failed to investigate discrepancies (between the draft survey performed on Defendant's behalf and shore-side measurements) in the measurement of cargo being loaded aboard the vessel during loading operations in Ukraine. A copy of the draft survey performed on Kulberg's behalf was attached as Exhibit "C" to my May, 29, 2008 Declaration. Despite Kulberg's protests, the Plaintiff refused and failed to conduct a further draft survey or to otherwise investigate the cause of the discrepancy between the cargo measurements. As a consequence of the Plaintiff's failure to investigate the discrepancy at Ukraine, Kulberg was unable to rebut or otherwise assert an adequate defense to the shortage claim of the Turkish cargo receivers, and was compelled to settle the cargo receiver's claim for $24,000.00. Please also see Exhibit "D" to my May 29, 2008 Declaration.

16.    Although the performance of the draft survey is for Kulberg's account under the terms of the Fixing Note, this does not relieve the Plaintiff and its agent—the Master of the vessel—from investigating quantity discrepancies specifically brought to their attention. See

5

paragraphs 9 - 11 of my May 29, 2008 Declaration. Therefore, I do not concur with Mr. Chalos - who presumably is not an expert on the governing law of England—that Kulberg's claim does not lie under the Fixing Note.

17.    Therefore, Kullberg seeks security in the amount of $68,584.38, made up of the amount paid to the Turkish cargo receivers ($24,000.00), plus estimated interest ($4,584.38) and estimated legal costs ($40,000).

18.    I have stated in my May 29, 2008 Declaration that the Plaintiff has not taken any steps whatsoever to commence or pursue a claim against Kulberg in London arbitration. This remains true to this date. However, the verified complaint filed by the Plaintiff in this court expressly states that it is in aid of London arbitration and for the purposes of securing a favorable London arbitration award against Kulberg. I respectfully reiterate that if the Plaintiff will not be pursuing arbitration in London, then it should not be permitted to attach and restrain Kulberg's property to secure a claim that the Plaintiff apparently has no intention of pursuing.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Donetsk, Ukraine
July 07, 2008

OLEG KHALADZHY

6