UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIBEL SHIPPING LTD.,

          Plaintiff,

-against-                           07 Civ. 11216 (LAK)

KULBERG FINANCES, INC., et al.,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Defendant Kulberg Finances, Inc., moves for an order (1) vacating or reducing the amount of security obtained by plaintiff, and (2) directing plaintiff to provide countersecurity for its counterclaim.

      To sustain its maritime attachment, plaintiff must "meet the filing and service requirements of Rules B and E" and show that "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir.2006). A court, however, is permitted to vacate such an attachment where, *inter alia*, the plaintiff has obtained adequate security by attachment or otherwise. *Id.*

      Having considered all of the parties' submissions, the Court concludes that the amount of the attachment that remains is excessive in view of that fact that it includes $10,000 attributable to nothing more than plaintiff's inchoate fear that it might be fined under Turkish customs laws and that any such fine might be as much as $10,000. That is altogether too speculative in view of the fact that it has provided no evidence or, for that matter, allegations that any proceedings have even begun, much less that a fine of that amount of anything more than a guess.

      Kulberg for its part clearly has satisfied the easily met requirements of Supplemental Rule E(7). Plaintiff's claim arises from a shortage of cargo upon delivery in Turkey. But defendant alleges that it incurred losses as a result of plaintiff preventing defendant from investigating the discrepancy before the vessel left Ukraine. The claim is not frivolous. It therefore is entitled to

countersecurity.

      Accordingly, defendant's motion is granted to the extent that (1) the amount of the attachment heretofore obtained by plaintiff is reduced from $95,000 to $85,000, (2) plaintiff shall take such steps as may be required to release $10,000 of the security to defendant, and (3) plaintiff, on or before July 15, 2008, shall furnish countersecurity to defendant for its counterclaim in the amount of $68,584.38.

      In the future, counsel shall comply with the Court's standing direction that two courtesy copies of all motion papers be supplied to chambers.

      SO ORDERED.

Dated:    July 8, 2008

                                             Lewis A. Kaplan  
                                          United States District Judge